# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
VIZION ONE, INC.,                         )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )        Civil Action No. 14-883 (RMC)
                                          )
DISTRICT OF COLUMBIA,                     )
                                          )
              Defendant.                  )
_____)

## OPINION

The District of Columbia, acting through its Department of Health Care Finance, suspended Medicaid payments to home health care provider Vizion One, Inc., upon finding a "credible allegation of fraud." *See* 42 C.F.R. § 455.23. The District then terminated its Provider Agreement with Vizion and converted Vizion's license to provisional status. Vizion challenged the suspension of payments and termination of the Agreement in an administrative proceeding, and the Office of Administrative Hearings ruled in favor of the District. Vizion then appealed to the D.C. Court of Appeals while simultaneously filing suit here. The Amended Complaint challenges the payment suspension and contract termination, alleging Fifth Amendment due process violations, *i.e.* (1) that Vizion suffered a violation of procedural due process, that it was deprivation of its liberty and/or property interests without due process because the applicable federal regulations are unconstitutionally vague and overbroad, both on their face and as applied; and (2) that the deprivation of Vizion's liberty and or property interests was "outrageously un-American" and therefore constituted a violation of substantive due process. As explained below, the claims for injunctive and declaratory relief will be dismissed under the *Younger* abstention

1

doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), and the claims for monetary damages will be stayed, pending final ruling by the D.C. Court of Appeals.

## I. FACTS

Vizion One, Inc. is a home health care provider who was licensed by the D.C. Department of Health to provide Personal Care Aide servicess to D.C. residents eligible to receive Medicaid benefits.[1]  *See* Am. Compl. [Dkt. 6] ¶ 4.  Vizion was a party to a contract with the District of Columbia called a Medicaid Provider Agreement, whereby Vizion agreed to provide Personal Care Aide services to D.C. residents eligible for Medicaid benefits in exchange for payment by the District.

Medicaid is a "cooperative federal-state program through which the Federal Government provides financial assistance to States [including the District of Columbia] so that they may furnish medical care to needy individuals."  42 U.S.C. § 1396.  Although participation in the program is voluntary, participants must comply with federal requirements in order to obtain federal funding.  *Id*. § 1396a; *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 502 (1990).  D.C. Department of Health Care Finance (DHCF) is the agency charged with administering the Medicaid program for the District of Columbia.  The federal Medicaid regulator is the Centers for Medicare & Medicaid Services (CMS), a constituent agency of the Department of Health and Human Services (HHS).

Historically, federal Medicaid regulations authorized State Medicaid agencies to suspend payments to health care providers where the agencies had discovered "reliable evidence

---

[1] Medicaid funds may be used to pay for home healthcare and personal care services.  *See United States v. Speqtrum, Inc*., 47 F. Supp. 3d 81, 84 (D.D.C. 2014).  Personal Care Aide services are at-home services designed to assist the elderly and disabled with the activities of everyday living and to avoid other types of expensive long-term care, such as nursing homes.  *Id*. (citing D.C. Mun. Regs., tit. 29, § 5000.2).

of fraudulent activity." *See* Am. Compl. ¶ 6 (citing prior version of 42 C.F.R. § 455.23).  In

2011, Congress passed the Patient Protection and Affordable Care Act (ACA), Pub. L. 111-148,

124 Stat. 119 (2010), which provides that Medicaid payments shall not be made to an individual

or entity when an investigation into a credible allegation of fraud is pending.  42 U.S.C. § 1396b

(i)(2)(c).  In compliance with the ACA, HHS amended its regulations to implement the statutory

language; as amended, § 455.23 provides that State agencies must suspend Medicaid payments

when "there is a credible allegation of fraud for which an investigation is pending under the

Medicaid program against an individual or entity," unless the State agency finds good cause not

to suspend payments.[2]  If a State Medicaid agency receives a complaint of Medicaid fraud and

---

[2] Section 455.23 now provides:

    (a) Basis for suspension.

        (1) *The State Medicaid agency must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud for which an investigation is pending under the Medicaid program against an individual or entity unless the agency has good cause to not suspend payments or to suspend payment only in part.*

        (2) The State Medicaid agency may suspend payments without first notifying the provider of its intention to suspend such payments.

        (3) A provider may request, and must be granted, administrative review where State law so requires.

    (b) Notice of suspension.

        (1) The State agency must send notice of its suspension of program payments within the following timeframes:
            (i) Five days of taking such action unless requested in writing by a law enforcement agency to temporarily withhold such notice.
            (ii) Thirty days if requested by law enforcement in writing to delay sending such notice.

identifies "questionable practices," it must conduct a preliminary investigation to determine if

there is a sufficient basis for a full investigation. *Id.* § 455.14. If the preliminary investigation

leads the agency to believe that fraud has occurred, it must refer the case to its own certified

Medicaid fraud control unit,[3] if it has such a unit, or to another appropriate law enforcement

agency. *Id.* § 455.15; *see also id.* § 455.21.

In March 2010, DHCF received two fraud complaints regarding Vizion: (1) that

one of Vizion's Personal Care Aide employees had attempted to "recruit" the complainant

(referred to as Recipient #1) to "join Vizion"; and (2) that a health care provider had solicited

---

. . .

(e) Good cause not to suspend payments. A State may find that good cause
exists not to suspend payments . . . if any of the following are applicable:

(1) Law enforcement officials have specifically requested that a
payments suspension not be imposed because [it] may compromise
or jeopardize an investigation.

(2) Other available remedies implemented by the State more
effectively or quickly protect Medicaid funds.

. . .

(4) Beneficiary access to items or services would be jeopardized by
a payment suspension because . . . (ii) The individual or entity serves
a large number of beneficiaries within a HRSA-designated
medically underserved area.

. . .

(6) The State determines that payment suspension is not in the best
interests of the Medicaid program.

42 C.F.R. § 455.23 (emphasis added).

[3] The District of Columbia's certified Medicaid fraud control unit is the D.C. Office of Inspector
General's Medicaid Fraud Control Unit (MFCU).

Medicaid Recipients #4 and #6 and paid them $40 per week in exchange for their signatures on timesheets fraudulently indicating that the recipients were receiving Personal Care Aide services; Vizion billed for Medicaid services to Recipients #4 and #6.  Am. Compl., Ex. 1 (Summary of Allegations) [Dkt. 6-1] at 1-2; Am. Compl., Ex. 2 (Report of Investigation) [Dkt. 6-2] at 2.  In April 2010, DHCF interviewed Medicaid Recipient #2, who indicated that she was assisted by a Personal Care Aide 3.5 hours or less each day, while records showed that Vizion submitted claims for payment for 8 hours of service each day to Recipient #2.  Summary of Allegations at 1; Report of Investigation at 2.  DHCF also interviewed Medicaid Recipient #3 who indicated that he originally began receiving Personal Care Aide services from Vizion when a recruiter knocked on his door at the rooming house where he lives.  In the interview, Recipient #3 first stated that he received services 7 hours per day, 4 days per week; then, he stated that he received services 2 days per week; at the end of the interview, he became hesitant and stated that in fact he is away from the rooming house most of the time visiting friends and family on the streets, implying that he does not actually receive any Personal Care Aide services from Vizion. Summary of Allegations at 1-2; Report of Investigation at 2.  Vizion submitted claims for payment for services to Recipient #3.  Summary of Allegations at 1-2.  A DHCF investigator further determined that Vizion submitted claims for Medicaid payments for Personal Care Aide services to 7 individuals who are residents at a homeless shelter.  *Id*. at 2.

DHCF referred the allegations regarding Vizion to law enforcement for investigation.  On February 20, 2014, the United States Attorney's Office in the District of Columbia announced the arrest of a Vizion employee, Emiline D. Nkemera Besong, on charges relating to healthcare fraud and conspiracy to commit healthcare fraud.  Am. Compl. ¶ 30.  That same day, DHCF sent Vizion notice that it was withholding payments for all claims submitted

for Personal Care Aid services to the District's Medicaid beneficiaries.  *Id.* ¶ 31; *id.*, Ex. 4 (Notice of Suspension) [Dkt. 17-1].  DHCF suspended payments due to finding credible allegations of fraud under 42 C.F.R. § 455.23.[4]  *Id.* at 30, 33.  Vizion requested a good cause exception to the suspension of payments, but on March 26, 2014, DHCF denied the request.  *Id.* ¶¶ 33, 40.

On March 25, 2014, DOH converted Vizion's Medicaid license to provisional status under D.C. Code § 44-506(a)(1).  *Id.* ¶ 54.[5]  Vizion claims the license conversion to provisional status unfairly stigmatized Vizion, making payers unwilling to do business with Vizion.  *Id.* ¶ 59.  Then, on May 23, 2014, DHCF terminated its Medicaid Provider Agreement with Vizion pursuant to a provision in the Agreement allowing termination for convenience upon 90 days' notice.  *Id.* ¶ 76.

Vizion alleges that DHCF suspended payments based on allegations of fraud regarding one or two employees,[6] without prior notice or disclosure of the factual basis of the fraud allegations and without consideration of reasonable alternatives to suspension, thereby "*de facto*" terminating Vizion from the Medicaid program and destroying its $46 million business.

---

[4] The validity of the allegations of fraud against Vizion and its employee(s) is not at issue in this case.

[5] Section 44-506(a)(1) provides that a provisional license may be issued to a facility that is deficient with respect to standards set forth in D.C. Code § 44-504(a)(3) (providing standards regarding, *inter alia*, safety, sanitation, patient, and resident care).  The District contends that a holder of a provisional license is not precluded from participating in the Medicaid program, from providing services, or from receiving payments.  *See* Mot. to Dismiss or for Summ. J. [Dkt. 10-5] (Mot.) at 23.

[6] The Amended Complaint alleges variously that there were fraud allegations against a single Vizion employee, *see* Am. Compl. ¶¶ 30, 49, 74, against a single entity in a single unit of Vizion's business, *see id.* ¶ 78, or against one or two Vizion employees, *see id.* ¶¶ 29, 50.

Am. Compl. at 1-2, ¶¶ 29, 31, 32, 37, 74, 80.  Vizion filed this suit against the District of

Columbia on May 23, 2014 alleging, via 42 U.S.C. § 1983, violations of Fifth Amendment rights

to procedural and substantive due process:

> Count I—violation of procedural due process based on the alleged
> vague and overbroad language of the applicable regulations, on their
> face and as applied;
>
> Count II—violation of procedural and substantive due process based
> on the District's suspension of Medicaid payments to Vizion based
> on regulations that are vague and overbroad, on their face and as
> applied, depriving Vizion of its constitutional right to liberty and/or
> property in a manner that was "outrageously un-American"; and
>
> Count III—violation of due process based on the deprivation of
> Vizion's "liberty interest in following its chosen business profession
> free from governmental interference," which arose upon the
> conversion of Vizion's license to provisional status.

See id. (Count I ¶¶ 81-86, Count II ¶¶ 87-92, Count III ¶¶ 93-98).  Vizion seeks money damages,

injunctive, and declaratory relief.  See id. ¶¶ 99-105; id., Prayer for Relief at 28-29.

Before and after filing this suit, Vizion has pursued two administrative cases

before the D.C. Office of Administrative Hearings (OAH).  First, Vizion filed a claim regarding

the February 20, 2014 notice of suspension of Medicaid payments.  See Vizion One v. District of

Columbia, OAH Case No. 2014-DHCF-00147 (June 23, 2014 Final Order) (attached to Mot. as

Ex. A [Dkt. 10-1]).  OAH dismissed the case for lack of jurisdiction because it was not timely

filed.  June 23, 2014 Final Order at *11.[7]  Second, Vizion filed a claim objecting to the District's

termination of the Medicaid Provider Agreement.  The OAH found (1) no evidence that the

---

[7] Under 29 D.C.M.R. §§ 1303.4 and 1307.8, a provider has 15 days after a notice of suspension
to request a hearing before OAH by filing a notice of appeal.  June 23, 2014 Final Order at *7.
The notice of suspension was sent on February 20, 2014, it clearly stated that Vizion had 15 days
to file an appeal with OAH, and Vizion did not file until April 11, 2014.  Id. at *8-10.

District acted in bad faith and (2) while Vizion had a due process property or liberty interest in continuing to participate in the Medicaid program, the due process interest was subject to the terms of the Medicaid Provider Agreement, which permitted DHCF to terminate the contract for convenience. *See Vizion One v. District of Columbia*, OAH Case No. 2014-DHCF-00191, at \*4-5, \*14-15, \*22-24 (Sept. 9, 2014 Final Order) (attached to the District's Motion as Exhibit B [Dkt. 10-2]). OAH granted DHCF's motion for summary adjudication and dismissed the case. *Id*. at \*25-26.[8] On September 12, 2014, Vizion appealed OAH Case No. 2014-DHCF-00147 and OAH Case No. 2014-DHCF-00191 to the D.C. Court of Appeals. *See* Reply [Dkt. 13], Ex. A (Notices of Appeal). Those appeals remain pending.

In this case, the District has filed a motion to dismiss or for summary judgment. *See* Mot. [Dkt. 10]; Reply [Dkt. 13]. Vizion opposes. *See* Opp'n [Dkt. 12].

## II. LEGAL STANDARD

### A.  Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face. Fed. R. Civ. P. 12(b)(6). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[8]  Upon receiving the OAH ruling, Vizion surrendered its license. *See* Mot. to Dismiss, Ex. C (September 9, 2014 Letter from Kitwara to Mebane). Vizion contends that it surrendered the license under duress. *See* Opp'n [Dkt. 12] at 23.

to state a claim for relief that is "plausible on its face." *Id.* at 570. A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### B.  Judicial Notice

Federal Rule of Evidence 201 provides that a court may judicially notice a fact that is not subject to "reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of facts contained in public records of other proceedings, *see Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005); *Covad Commc'ns Co. v. Bell Atl. Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005). Further, judicial notice may be taken of public records and government documents available from reliable sources. *Hamilton v. Paulson*, 542 F. Supp. 2d 37, 52 n.15 (D.D.C. 2008), *rev'd on other grounds*, 666 F.3d 1344 (D.C. Cir. 2012). Accordingly, the Court takes judicial notice of the OAH rulings and Vizion's notices of appeal of those rulings to the D.C. Court of Appeals.

### III. ANALYSIS

The District of Columbia argues that this case should be dismissed for failure to state a claim because: (1) Vizion failed to exhaust administrative remedies because its appeals

from the OAH rulings remain pending; (2) the applicable federal regulations, 42 C.F.R. §§ 455 *et seq.*, are not vague and overbroad because they are adequately defined; (3) there is no conflict between § 455 and D.C. regulations; and (4) the District did not violated a constitutionally-protected liberty or property interest and even if it had, Vizion received adequate due process. The Court does not reach any of these arguments because the *Younger* abstention doctrine squarely applies.

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court held that, except in extraordinary circumstances, a federal court should not enjoin a pending state proceeding (including an administrative proceeding) that is judicial in nature and involves important state interests.  In other words, *Younger* applies where three criteria are met: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the proceedings afford an adequate opportunity to raise the federal claims. *William Penn Apartments v. D.C. Court of Appeals*, 39 F. Supp. 3d 11, 19 (D.D.C. 2014). *Younger* abstention arises not from a lack of jurisdiction, but instead from strong policies counseling against the exercise of jurisdiction where state proceedings have already begun.  *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626–27 (1986). *Younger* was based on the interests of comity and federalism.  *Id.  Younger* calls for abstention when there are pending "state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim."  *Id*. at 627.  *Younger* applies to District of Colombia proceedings, even though the District is not a "state."  *See J.M.M. Corp. v. District of Columbia*, 378 F.3d 1117, 1121-1125 (D.C. Cir. 2004).

The facts of *J.M.M.* are quite similar to this case.  J.M.M. was the operator of an

adult video store and it filed claims in the OAH challenging the District's enforcement of zoning

regulations and actions to revoke J.M.M.'s operating license.  *J.M.M. Corp. v. District of*

*Columbia*, 253 F. Supp. 2d 15, 16 (D.D.C. 2003); *see generally* D.C. Code § 2-1831.03(a) & (b)

(defining OAH jurisdiction).  OAH ruled in favor of the District, and J.M.M. appealed to the

D.C. Board of Appeals and Review.  Simultaneously, J.M.M. sued the District in federal court,

challenging the constitutionality of the zoning rules and seeking injunctive and declaratory relief

and money damages.  *Id*.  Pursuant to *Younger*, the district court dismissed the claims for

injunctive and declaratory relief and stayed the claims for money damages, pending resolution of

the appeal of the District's zoning enforcement action.  *Id*. at 17.  *See Deakins v. Monaghan,* 484

U.S. 193, 202 (1988) (district court should stay rather than dismiss claims for money damages

under § 1983 that are not cognizable in the parallel court proceeding); *see also Fair Assessment*

*in Real Estate Ass'n v. McNary*, 454 U.S. 100, 113 (1981) (a plaintiff will not recover money

damages under § 1983 unless the court first determines that his constitutional rights were

violated; "In effect, the district court must first enter declaratory judgment . . . .").  The D.C.

Circuit affirmed, holding that *Younger* abstention applies to D.C. administrative proceedings and

appeals from such proceedings.  378 F. 3d at 1125-28.  The Circuit emphasized that OAH

proceedings and appeals therefrom are judicial in nature, involve important state interests, and

afford an adequate opportunity to raise any federal claims.  Even if J.M.M. were precluded from

raising constitutional issues in the administrative enforcement proceedings, "the results of those

proceedings are appealable to the D.C. Court of Appeals where all of JMM's constitutional

claims can be heard."  *Id*. at 1127.  That is, JMM's attacks on the constitutionality of the zoning

regulations, on their face and as applied, were defenses to D.C.'s enforcement actions and could be heard on appeal. *Id*. at 1127, n.24.

Like the plaintiff in *J.M.M.*, Vizion challenged regulations and the District's enforcement actions before the OAH.  In the proceeding regarding the temporary suspension of Medicaid Payments and the proceeding regarding termination of the Medicaid Provider Agreement, OAH ruled in favor of the District.  Vizion appealed to the D.C. Court of Appeals. *Younger* applies because the OAH proceedings and the appeals therefrom are judicial in nature and deal with important state interests.[9]  Further, Vizion will have an adequate opportunity to raise its constitutional claims as defenses to the enforcement actions in the D.C. Court of Appeals.

Therefore, the Court will abstain from exercising jurisdiction over the claims for declaratory judgment and injunctive relief, and those claims will be dismissed.  As to the claims for money damages, such claims are not defenses to the enforcement action and cannot be heard as part of Vizion's appeal to the D.C. Court of Appeals.  Accordingly, the money damages claims will be stayed pending a final ruling by the D.C. Court of Appeals.

## IV. CONCLUSION

As explained above, Defendant's motion to dismiss or for summary judgment [Dkt. 10] will be granted in part and denied in part.  The Court will abstain from adjudicating Vizion's claims for declaratory and injunctive relief, and those claims will be dismissed.

---

[9] The fact that Vizion challenges the unconstitutionality of the regulations on their face, arguing that they are vague and overbroad, does not render *Younger* inapplicable. *See Huffman v. Pursue*, 420 U.S. 592, 602 (1975) (facial invalidity of a statute is not itself an exceptional circumstance justifying federal interference with state proceedings); *Younger,* 401 U.S. at 50, 54 (holding that "the possible unconstitutionality of a statute on its face" does not justify an injunction against "good-faith attempts to enforce" a statute).

Vizion's claims for money damages will be stayed, pending a final decision by the D.C. Court of Appeals.  A memorializing Order accompanies this Opinion.


Date: July 13, 2015


_____/s/_____
ROSEMARY M. COLLYER
United States District Judge
