UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VIZION ONE, INC.**, | ) |
| Plaintiff, | ) |
| v. | ) No. 14-cv-883 (TSC) |
| **DISTRICT OF COLUMBIA**, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Vizion One, Inc. ("Vizion"), a Medicaid health care provider, brings this case against Defendant District of Columbia ("the District"), raising various claims concerning actions the District took to suspend Vizion's Medicaid payments and terminate its Medicaid Provider Agreement. *See* Second Am. Compl., ECF No. 35. The District moved to dismiss, arguing that prior administrative and court proceedings bar Vizion's claims here. Def.'s Mot. to Dismiss ("MTD"), ECF No. 37. Vizion opposed. Pl.'s Opp'n to MTD ("Pl.'s Opp'n"), ECF No. 41. For the reasons set forth below, the court will GRANT the District's motion.

I. **BACKGROUND**

The facts of this case were previously set forth in the court's prior July 13, 2015 Opinion. Mem. Op., ECF No. 18. In summary, in 2014 the District's Department of Health Care Finance ("DHCF") suspended Medicaid payments to Vizion, based upon a finding "of a credible allegation of fraud." *Id.* at 1 (citing 42 C.F.R. § 455.23). After the District terminated Vizion's Medicaid Provider Agreement and converted Vizion's license to a provisional status, Mem. Op. at 6, Vizion challenged these actions in the District's Office of Administrative Hearings ("OAH"). An OAH

Administrative Law Judge ("ALJ") dismissed the case as untimely brought, and Vizion appealed to the D.C. Court of Appeals. *Id.* at 1; OAH Final Order at 1–2, ECF No. 43-1. Vizion simultaneously filed this suit, alleging Fifth Amendment due process violations and that the applicable regulations are void for vagueness. Compl. at 7, ECF No. 1.

The District moved to dismiss or for summary judgment, on the grounds that Vizion had failed to exhaust its administrative remedies due to the pendency of an appeal in the D.C. Court of Appeals. The District further argued that the applicable federal regulations at 42 C.F.R. §§ 455 *et seq.*, are not vague and overbroad, that there was no conflict between the federal and D.C. regulations, and that the District had not violated Vizion's due process rights. ECF No. 10. The court granted the District's motion in part and denied it in part.

This court found that the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), applied. That doctrine holds that, absent extraordinary circumstances, federal courts should abstain from enjoining ongoing state judicial proceedings, involving important state interests, that afford adequate opportunity to raise federal claims, including constitutional claims. *Id*. at 41; *J.M.M. Corp. v District of Columbia*, 378 F.3d 1117, 1121–25 (D.C. Cir. 2004). It concluded that this case was similar to *J.M.M.*, in which J.M.M. challenged the District's enforcement of zoning regulations and revocation of J.M.M.'s license to operate a video store, in the OAH and the D.C. Board of Appeals and Review, while also suing in federal court raising the same injunctive and declaratory relief claims. The D.C. Circuit upheld the district court's conclusion that state judicial proceedings provided J.M.M. with an adequate avenue to raise its constitutional claims as defenses to an enforcement action, and thus dismissal of the claims for injunctive and declaratory relief was appropriate, while staying the claims for money damages,

which could not be raised in the state proceedings. *J.M.M.*, 378 F.3d at 1119, 1121, *affirming J.M.M. Corp. v District of Columbia,* 253 F. Supp.2d 15, 17 (D.D.C. 2003). Accordingly, this court found that Vizion's claims were similar to those raised in *J.M.M.*, and dismissed Vizion's claims for declaratory judgment and injunctive relief. Mem. Op. at 10. The court stayed Vizion's claims for money damages, pursuant to 42 U.S.C. § 1983, pending a final ruling by the D.C. Court of Appeals. *Id.* at 12; Min. Order (Mar. 16, 2020).

The D.C. Court of Appeals reversed the ALJ's dismissal of the case based on untimeliness and remanded the case for a hearing on the merits. OAH Final Order at 1–2. Before the hearing, the ALJ granted Vizion limited discovery, and the District produced documents related to its adverse decision. On March 14, 2018, the ALJ held an evidentiary hearing. *Id*. at 4. The parties agreed to limit the scope of inquiry DHCF's February 20, 2014 decision to temporarily suspend Medicaid payments to Vizion, and whether there was an ongoing fraud investigation of Vizion as of the hearing date. *Id.* at 6. Vizion presented no witnesses at the hearing. *Id*. at 4.

The ALJ issued a final order on June 15, 2018. OAH Final Order at 29. The Order contained detailed findings of fact, reached after making credibility findings with respect to the District's witnesses, and conclusions of law. *See id*. The ALJ concluded that, pursuant to 42 C.F.R. § 455.23, DHCF properly temporarily suspended Vizion's Medicaid payments on February 20, 2014, due to suspected fraud and the lack of good cause for an exception to the suspension. The ALJ also concluded that the investigation of suspected fraud was ongoing as of the March 14, 2018 hearing date. *Id.* at 29.

Vizion appealed to the D.C. Court of Appeals, which affirmed the ALJ's decision. D.C. Ct. App. Op., ECF. No. 31-1. The Court of Appeals noted that following an evidentiary hearing,

3

"[a]n OAH ALJ upheld the suspension, concluding that the allegation of fraud involving Vizion was credible and that DHCF had properly considered whether good cause existed not to suspend payments." *Id.* at 2. The Court specifically addressed Vizion's constitutional due process claims, finding that under 42 C.F.R. § 455.23(a)(2), DHCF was authorized to suspend payments to Vizion without prior notice. *Id.* at 4. "'All Circuits that have addressed the issue have determined that a temporary suspension of Medicare or Medicaid payments does not implicate due process and that no pre-suspension hearing is required.'" *Id.* (quoting *ABA, Inc. v. District of Columbia*, 40 F. Supp.3d 153, 167 (D.D.C. 2014)) (cleaned up). Finally, the Court of Appeals rejected Vizion's claim that an alleged conflict between District unamended regulations[1] authorizing suspension based on reliable evidence of an overpayment, and federal regulations requiring suspension based on a "'credible allegation of fraud,'" rendered the regulations void for vagueness, and found that DHCF and the ALJ had applied the federal regulations. *Id.* at 4 (quoting 42 C.F.R. § 455.23(a)(1), and citing *Goudreau v. Standard Fed. Sav. & Loan Ass'n.*, 511 A.2d 386, 391 (D.C. 1986) (holding that federal regulations preempt conflicting District of Columbia law)).

The parties informed this court of the Court of Appeals decision in a status report in May 2021 but proposed no further proceedings for the case. Joint Status Report, ECF No. 31. Consequently, by Minute Order dated August 5, 2022, the court ordered the parties to inform the

---

[1] Before passage of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 1396b(i)(2)(c), District regulations provided for suspending Medicaid payments due to overpayment. Following the enactment of the ACA, the Centers for Medicare and Medicaid Services amended its regulations to allow suspension of Medicaid payments upon a "credible allegation of fraud for which an investigation is pending under the Medicaid program against an individual or entity unless the agency has good cause to not suspend payments or to suspend payment only in part." 42 U.S.C. § 455.23(a). The District then issued a policy, effective February 1, 2014, applying the new "credible allegation of fraud" standard. Ex. 3, ECF No. 36-1.

4

court whether the case should be dismissed or reopened. *Id.* On August 15, 2022, the parties proposed that the case be reopened, that the stay be lifted, that Vizion be permitted to file a Second Amended Complaint, and that the District be allowed to file a dispositive motion in response. ECF No. 32. By Minute Order dated August 21, 2022, the court granted the proposed requests and set forth a briefing schedule. *Id*. On November 7, 2022, Vizion filed a Second Amended Complaint. Second Am. Compl. The District moved to dismiss and Vizion opposed. ECF Nos. 37, 41–43.

## II.   LEGAL STANDARD

The District argues that this case should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, on the grounds of claim or issue preclusion. MTD at 7 (citing *Youngin's Auto Body v. District of Columbia*, 775 F. Supp.2d 1, 5–6 (D.D.C. 2011) ("Federal courts must accord District of Columbia court judgments the same preclusive effect those judgments would be given by District of Columbia courts.")). Vizion counters that their claims and causes of action in this case are not based on the same claims and causes of action raised in the OAH and D.C. Court of Appeals proceedings ("D.C. Proceedings"). Pl.'s Opp'n at 14.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (footnote omitted). In determining whether a state court judgment precludes the raising of the same claims in a subsequent federal action, the federal court must apply the *res judicata* law of the state that issues the earlier decision. *McLaughlin v. Alban*, 775 F.2d 389, 391 (D.C. Cir. 1985) ("Any assessment of the preclusive effect the Maryland judgment might have here must apply the Maryland law of preclusion.").

Claim preclusion "embodies the principle 'that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so.'" *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982)).  As the Supreme Court explained: "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153–54 (1979).

In the District of Columbia, claim preclusion applies when a valid judgment has been entered on the merits of a controversy.  The parties are barred from relitigating the claims that were decided, or any claims that *might have been raised* in the proceeding resulting in judgment. *See Whiting v. Wells Fargo Bank, N.A.*, 230 A.3d 916, 927 (D.C. 2020) (emphasis added).  "It does not matter that the earlier and later proceedings differ in nature: 'as long as the parties are the same, and the essence of the claim and evidence necessary to establish it are the same, *res judicata* applies.'"  *Wash. Med. Ctr., Inc. v. Holle*, 573 A.2d 1269, 1281 (D.C. 1990).  To decide whether claim preclusion applies, the court must:

> consider (1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case.

*Price v. Indep. Fed. Sav. Bank*, 110 A.3d 567, 571 (D.C. 2015) (quoting *Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C. 2010)) (further quotation marks omitted).

"A 'claim' or 'cause of action,' for purposes of claim preclusion, comprises all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or

series of connected transactions, out of which the action arose." *Smith v. Greenway Apartments LP*, 150 A.3d 1265, 1273 (D.C. 2016) (quoting *Smith v. Jenkins*, 562 A.2d 610, 613 (D.C. 1989)). Significantly, a claim is decided by the facts it entails, not the plaintiff's legal theory. *Faulkner v. Gov't Emps. Ins. Co.*, 618 A.2d 181, 183 (D.C. 1992). "If there is a common nucleus of facts, then the actions arise out of the same [claim]." *Id.*

Issue preclusion, also known as collateral estoppel, is another form of res judicata. *Klayman v. Rao*, 49 F.4th 550 (D.C. Cir. 2022) (citing *Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980)). Issue preclusion:

> renders conclusive in the same or a subsequent action [any] determination of an issue of fact or law when (1) the issue [was] actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum.

*Whiting*, 230 A.2d at 926 (internal quotation marks omitted).

### III. ANALYSIS

#### A. Vizion's Claims Here are Precluded

The parties do not disagree that the D.C. Proceedings involved the same parties and that there has been a final, valid judgment by a court of competent jurisdiction. Rather, the dispute centers on whether the causes of action and issues before the ALJ and the D.C. Court of Appeals are the same as the ones Vizion brings here in its Second Amended Complaint. The District argues that the causes of action and issues in the D.C. Proceedings involve the same issues—the DHCF's decision to suspend Vizion's Medicaid payments in light of a pending "investigation of a credible allegation of fraud," pursuant to 42 U.S.C. § 1396b(i)(2)(c) and 42 C.F.R. § 455.23, and the decision to deny a good-cause exemption from the suspension. MTD at 2, 5.

Vizion responds that the D.C. Proceedings were limited to the February 20, 2014 initial suspension and did not address Vizion's Section 1983 constitutional claims, or Vizion's continued suspension. Pl.'s Opp'n at 1–3.

As a threshold matter, the ALJ's opinion makes clear that as of the hearing date, March 14, 2018, Vizion was the subject of an ongoing fraud investigation and continued to be suspended. OAH Final Order at 1–2. Vizion claims that the District terminated its business license within six months of the February 20, 2014 initial suspension, Second Am. Compl. at 1, and therefore the OAH evidentiary proceeding occurred after the suspension and termination of Vizion's business license. The ALJ stated, however, that "[t]he parties have agreed to limit the scope of inquiry in this case to (1) DHCF's decision to temporarily suspend Medicaid payments on February 20, 2014; and (2) whether there was an ongoing fraud investigation involving Petitioner's Medicaid payments as of the evidentiary hearing date." OAH Final Order at 6. Consequently, the ALJ did not rule on "whether DHCF had grounds for temporarily suspending Medicaid payments at any time other than February 20, 2014." *Id.*

It thus appears that Vizion decided to limit the OAH proceeding to the initial suspension, and not raise the issues of the continuing suspension and termination of its business license, despite the fact that these actions were directly related to the initial suspension and had all occurred by the time of the evidentiary hearing in 2018.[2] Vizion does not claim that it was prohibited from raising these issues in the OAH proceedings. Accordingly, it is precluded now from raising claims

---

[2] Vizion asserts that its Medicaid payments were suspended on February 20, 2014. Second Am. Compl. ¶¶ 28–29, and that its suspension lasted six months and ultimately resulted in the closure of its business. *Id.* ¶¶ 31, 59, 68.

8

concerning the continued suspension and termination of its business license, because it voluntarily agreed not to pursue those claims at the administrative level.

Vizion argues that the OAH and the D.C. Court of Appeals erred in their factual conclusions but does not cite any authority for this court to revisit these factual determinations. It also argues that "constitutional violations" forming the basis of its Section 1983 claim were "not included as defenses in the administrative process[.]" Pl.'s Opp'n at 9–10.

Vizion does not explain why it did not raise its constitutional violation claims as defenses to the suspension during the D.C. Proceedings. Indeed, Vizion raised a due process claim which the D.C. Court of Appeals adjudicated. D.C. Ct. App. Op. at 4. As to any other constitutional claims or arguments that would serve as a predicate to a claim for damages under Section 1983, this court put Vizion on notice that it would "have an adequate opportunity to raise its constitutional claims as defenses to the enforcement actions in the D.C. Court of Appeals." Mem. Op. at 12. Vizion's failure to take advantage of that opportunity does not allow it a second bite at the apple here. *See NRDC v. EPA*, 513 F.3d 257, 261 (D.C. Cir. 2008) (application of the preclusion doctrine ensured that the plaintiff "doesn't get a second bite at that same apple.").

Although Vizion's business may have closed after the hearing, Vizion claims it was a result of the failure to receive Medicaid payments, and the termination of its business license. *See* Pl.'s Opp'n at 14–16; Second Am. Compl. ¶ 2. The District's suspension of payments, according to Vizion, was the direct cause of the loss of its business license and the business itself. Pl.'s Opp'n at 14–16. The challenges to the suspension decision—whether regulatory or constitutional—all involve issues that were raised, or could have been raised, in the OAH hearing. *See J.M.M.*, 378

9

F.3d at 1127 n.24.  Consequently, even if claim preclusion does not apply, issue preclusion would prohibit Vizion from raising these same issues again here.

### B. Even if Vizion's Claims are not Precluded, Vizion Points to No Property Interest in the Receipt of Medicaid Payments

The Fifth Amendment to the Constitution protects individuals against the loss of life, liberty or property without due process of law.[3]  To demonstrate the existence of a property right under the Fifth Amendment, a party must "have a legitimate claim of entitlement" to the claimed interest, and that entitlement must be established by statutes or regulations that delimit the scope and condition of the right. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Property rights are not created by the Constitution.  Rather, they "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577.

Vizion argues that it has "an actionable property interest," but fails to identify the nature of the property interest or the source of it.  Pl.'s Opp'n at 22.  The court assumes that Vizion asserts a property interest in the receipt of Medicaid payments, since its claims all stem from the suspension of those payments and the alleged resulting effect on Vizion.  Vizion cites two out-of-circuit district court cases for the proposition that an extended suspension can allow a provider to

---

[3] Constitutional due process claims against the District of Columbia are analyzed under the Fifth Amendment, not the Fourteenth Amendment applicable to the states. *Butera v. District of Columbia*, 235 F.3d 637, 645 n.7 (D.C. Cir. 1987).

10

"regain" a property interest in withheld funds. Pl.'s Opp'n at 21 (citing *Alexandre v. Ill. Dep't of Healthcare & Family Servs.*, No. 20-cv-6745, 2021 WL 4206792, at * 7 (N.D. Ill. Sept. 15, 2021), and *Maynard v. Bonta*, No. 02-cv-6539, 2003 U.S. Dist. LEXIS 16201, at *57 (C.D. Cal. Aug. 29, 2003)). Neither case is persuasive.

In *Alexandre* the court considered whether a provider had a property interest in the temporary suspension of Medicaid funds pending a fraud investigation. *Alexandre*, 2021 WL 4206792, at * 7. Relying on *Maynard*, the *Alexandre* court noted that courts have generally held that a plaintiff has no property interest in Medicaid funds temporarily suspended pending such an investigation, but an indefinite suspension may allow the plaintiff to "regain" a property interest in the withheld funds. *Id*. The court offered no explanation for how a nonexistent property interest can be "regained." *Id*.

In *Maynard*, the court similarly held that while a health care provider has no property interest in Medicaid funds temporarily withheld during the pendency of a fraud investigation, a provider may "regain his property interest in the withheld funds if the investigation continues indefinitely." *Maynard*, 2003 U.S. Dist. LEXIS 16201, at *59.

Courts in this Circuit, however, have concluded that "[p]roviders have no property interest in Medicaid payments." *New Vision Photography Program Inc. v. District of Columbia*, 54 F. Supp. 3d 12, 30 (D.D.C. 2014); *see also ABA, Inc. v. District of Columbia*, 40 F. Supp.3d 153, 167 (D.D.C. 2014) (same). Moreover, unlike in *Maynard* and *Alexandre*, Vizion was not subjected to an indefinite suspension without an opportunity to be heard. On July 15, 2014, approximately five months after the notice of suspension, the District terminated its Medical Provider Agreement with Vizion. OAH Final Order at 8. Vizion engaged in an administrative process, including an

11

evidentiary hearing at which it could have presented witnesses but chose not to do so. OAH Final Order at 23–29. Vizion also appealed to the D.C. Court of Appeals, a court of competent jurisdiction.

Accordingly, because Vizion has demonstrated no property interest violated by the District, its due process claims cannot stand. Its recitation of alleged procedural deficiencies, *see* Pl.'s Opp'n at 17–18, cannot overcome this deficiency.

### C. Vizion's Vagueness Claim is Dismissed

Vizion also argues that the term "credible allegations of fraud" is unconstitutionally vague. Second Amended Complaint ¶¶ 77–82. A law may be unconstitutionally vague if it allows or encourages arbitrary or discriminatory enforcement. *City of Chicago v. Morales*, 527 U.S. 41, 56 (1990). The D.C. Circuit has explained that "regulations withstand a vagueness challenge as long as a 'reasonably prudent person, familiar with the conditions the regulations are meant to address and the objectives the regulations are meant to achieve, would have fair warning of what the regulations require.'" *Bellion Spirits, LLC v. United States*, 7 F.4th 1201, 1214 (D.C. Cir. 2021) (quoting *Freeman United Coal Mining Co. v. Fed. Mine Safety & Health Review Comm'n*, 108 F.3d 358, 362 (D.C. Cir. 1997)). Words receive their "plain, obvious and common sense" meaning, unless some context dictates otherwise. *United States v. Bronstein*, 849 F.3d 1101, 1107 (D.C. Cir. 2017).

In the context of Medicaid reimbursements, the term "fraud" has been defined by regulation as "an intentional deception or misrepresentation made by a person with the knowledge that the deception could result in some unauthorized benefit to himself or some other person." 42

C.F.R. § 455.2.  This definition clearly encompasses the billing issues involved in this case.  OAH Final Order 8–9.

Vizion argues in its opposition that 42 C.F.R. § 455.23(a) is void for vagueness because it does not make clear that its reference to "provider" includes the provider's employees, and Vizion itself allegedly was not investigated for fraud.  *See* Pl.'s Opp'n at 19.  The District correctly notes that Vizion did not plead this vagueness claim in its Second Amended Complaint, *see id.* ¶¶ 77–82, and that a plaintiff may not amend a complaint in an opposition brief.  Def.'s Reply at 6, ECF No. 43 (quoting *Woytowicz v. George Wash. Univ.*, 327 F. Supp.3d 105, 119 n.4 (D.D.C. 2018)).  Nonetheless, not only do businesses act through their employees, *United States v. Sun-Diamond Growers of Cal.*, 964 F. Supp. 486, 490 (D.D.C. 1997), but the ALJ also found that the claims against Vizion did not involve "a few bad apples" but that "fraudulent practices were, if not common, at least not unusual in [Vizion's] business."  OAH Final Order at 25.  Thus, both Vizion and its employees were the subject of the fraud investigation.

A "credible allegation of fraud" and the term "provider", in context of 42 C.F.R. § 455.23, are not vague on their face or as applied.  Vizion's claims in this regard are without merit.

### D. Vizion's 1983 Claims for Monetary Damages Are Dismissed

Finally, Vizion argues that the case cannot be dismissed because it has raised Section 1983 constitutional claims which this court previously declined to dismiss.  Vizion notes that the District's administrative and judicial proceedings did not have jurisdiction to decide whether Vizion's alleged violations, purportedly resulting in the termination of Vizion's business, justified

13

money damages. Pl.'s Opp'n at 17. But Vizion misunderstands the purpose of the court's stay of the 1983 claims.

As this court noted in its prior decision, Vizion challenged regulations and the District's enforcement action before the OAH. Mem. Op. at 1. After the OAH ruled in favor of the District with respect to the suspension and the termination of the Medical Provider Agreement, Vizion appealed to the D.C. Court of Appeals. *Id.* In those proceedings, Vizion had an adequate opportunity to raise its constitutional claims as defenses to the initial and continued suspension and the termination of the Medicaid Provider Agreement. Vizion does not argue otherwise; it merely claims that OAH and the D.C. Court of Appeals did not address those issues to Vizion's satisfaction. *See* Pl.'s Opp'n at 17.

The D.C. Court of Appeals expressly concluded that DHCF did not fail to provide Vizion with due process. D.C. Ct. App. Op. at 4. The court also upheld the ALJ's conclusion that DHCF properly concluded that the allegations of fraud involving Vizion were credible and that good cause existed to maintain the suspension. *Id.* at 2.

The purpose of the stay of Vizion's Section 1983 claims was to preserve Vizion's right to pursue money damages in this court, in case there was a finding that Vizion's constitutional rights had been violated. Should such a finding have been made by the ALJ or the D.C. Court of Appeals, jurisdiction over Vizion's right to seek money damages under Section 1983 would have rested in this court, because as this court previously stated, such damages are not available in the District Proceedings. Mem. Op. at 12.

The predicate for seeking such damages, however, is a finding that there has been a constitutional violation. *See* 42 U.S.C. § 1983; *see, e.g.*, *Monell v. N.Y.C. Dep't of Soc. Servs.*,

14

436 U.S. 658, 694–95 (1978) (Section 1983 liability requires a showing of a constitutional violation). Vizion had every opportunity to litigate its constitutional claims in the District Proceedings. The D.C. Court of Appeals found no constitutional violation. Vizion is not entitled to relitigate those claims here merely because the relief available in this court includes money damages beyond the payments of back monies owed that could have been awarded in the District Proceedings had Vizion prevailed. *See Molinsky v. Monterey Co-op, Inc.*, 689 A.2d 531, 533 (D.C. 1996) (res judicata may apply even if the damages available in the second forum are greater because "*res judicata* is based on a premise that the aggrieved party should be given but one opportunity to allege that wrong").

Accordingly, Vizion's Section 1983 claims are also dismissed.

## IV.     CONCLUSION

For the reasons previously stated, the court will GRANT Defendant's Motion to Dismiss.

Date: November 12, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge